UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

THOMAS ALSTON,

    Plaintiff,

v.

CARMAX BUSINESS SERVICES, LLC
and
CAPITAL ONE AUTO FINANCE,

    Defendants.

Civil Action No. 25-0214-TDC

## MEMORANDUM OPINION

Self-represented Plaintiff Thomas Alston has filed a civil action against Defendants Carmax Business Services, LLC ("Carmax") and Capital One Auto Finance ("Capital One") in which he alleges that Defendants accessed his credit report without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. Carmax has filed an Answer to Alston's Complaint, and Capital One has filed a Motion to Dismiss, which is now fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Capital One's Motion to Dismiss will be DENIED.

## BACKGROUND

In the Complaint, Alston alleges the following relevant facts, which the Court accepts as true for purposes of the resolution of the Motion.

In October 2024, Alston obtained his credit file from Equifax, a consumer reporting agency. Upon inspecting the file, Alston noticed several inquiries from companies, including

Capital One, for "promotional inquir[ies]." Compl. ¶ 11, ECF No. 4. Equifax defines a promotional inquiry as an inquiry in which "a consumer's credit information was given to a credit grantor so [the grantor] can provide the consumer with a firm offer of credit or insurance." *Id.* ¶ 12. As relevant here, Capital One offers a variety of financial services to consumers, small businesses, and commercial entities. Alston never received any firm offers of credit from Capital One.

According to Alston, Capital One has a company policy of obtaining consumer reports, also known as credit reports, "under the guise of a promotional inquiry when the true purpose" was for research, marketing, or other undisclosed reasons. *Id.* ¶ 20. Alston asserts that Capital One acted pursuant to such a policy when it obtained Alston's credit report, has obtained other consumers' reports under the same policy with no intention of making a firm offer of credit or insurance to those consumers, and knows that it is "prohibited from obtaining a consumer's report for research, marketing, or other impermissible purposes." *Id.* ¶ 16.

Alston asserts that, as a result of this unauthorized acquisition of his credit report, he suffered actual damages, including but not limited to "pecuniary costs, lost time, mental anguish and emotional distress from the invasion of his privacy," and an increased risk of future unauthorized inquiries into his personal financial information. *Id.* ¶ 25.

In the Complaint, Alston alleges a violation of 15 U.S.C. § 1681b(f) ("§ 1681b(f)"), a provision of the FCRA which prohibits a person from obtaining a credit report without a permissible purpose.

## DISCUSSION

In its Motion to Dismiss, Capital One asserts that Alston has failed to state a plausible claim of a violation of § 1681b(f) because he has not alleged that (1) Capital One obtained his credit

2

report without a permissible purpose; or (2) Capital One acted with the specific mental state required to state a claim under § 1681b(f).

## I. Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Section 1681b(f) imposes civil liability for improperly obtaining or using credit reports. *See Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 900 n.3 (4th Cir. 2003). To assert a violation of § 1681b(f), a plaintiff must plead sufficient facts to establish the following four elements: (1) there was a consumer report; (2) obtained or used by the defendant; (3) without a permissible purpose as defined in 15 U.S.C. § 1681b(a)(1)–(6); and (4) the defendant acted with the specified mental state. *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds*, *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56–57 & n.8 (2007); *see also Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC-13-1265, 2013 WL 6909156, at *3 (D. Md. Dec. 31, 2013). The parties agree that these are the elements required to state a § 1681b(f) claim. Under the FCRA,

3

a negligent breach of the statute may result in the recovery of actual damages, see 15 U.S.C. § 1681o, while a willful breach may result in the recovery of actual damages or statutory damages of up to $1,000 per violation, as well as punitive damages, see 15 U.S.C. § 1681n(a)(1)–(2).

## II. FCRA Claim

The Court finds that Alston has sufficiently pleaded a violation of § 1681b(f) by Capital One. As to the first two elements, Alston has alleged that there was a consumer report, specifically, his Equifax credit report, which was obtained by Capital One.

Capital One contends that Alston has failed to allege sufficient facts to establish the third element: that the reports were obtained without a permissible purpose. Under the FCRA, a consumer reporting agency may release a credit report only under certain specified conditions, including (1) in response to a court order or a federal grand jury subpoena; (2) in accordance with the consumer's written instructions; or (3) to a person which it has reason to believe intends to use the information for an enumerated permissible purpose. 15 U.S.C. § 1681b(a)(1)–(3). As relevant here, an entity may obtain a consumer's credit report from a consumer reporting agency without the consumer's consent "in connection with any credit or insurance transaction that is not initiated by the consumer only if . . . the transaction consists of a firm offer of credit or insurance." 15 U.S.C. § 1681b(c)(1)(B)(i). A "firm offer of credit or insurance" is defined as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined . . . to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l). Under this provision, a business may select various creditworthiness criteria and then purchase from a consumer reporting agency a list of potential customers who currently meet those criteria. See, e.g., Kennedy v. Chase Manhattan Bank USA, N.A., 369 F.3d 833, 840–41 (5th Cir. 2004). The information released is essentially limited to the name and address of the consumer and does not

include any specific credit report entries. *See* 15 U.S.C. § 1681b(c)(2). The existence of these "promotional inquiries" appears only in reports disclosed by the consumer reporting agency to the consumer and not in consumer reports released to third parties. *See Miller v. Trans Union, LLC*, 644 F. App'x. 444, 447–48 (6th Cir. 2016) (citing 15 U.S.C. § 1681g). The companies purchasing these lists then send solicitations to the customers on the lists in the form of pre-approved offers of credit. *Kennedy*, 369 F.3d at 841.

Alston's § 1681b(f) claim is based on his assertion that he never received a firm offer of credit or insurance from Capital One, even though his Equifax credit file noted that Capital One accessed his credit report for the purposes of a "promotional inquiry." Compl. ¶ 11. Significantly, the sequence of events under the promotional inquiry exception consists of the following steps: (1) a lender requests and purchases from a consumer reporting agency a list of consumers who meet certain financial criteria; (2) the lender extends firm offers of credit; (3) once a consumer seeks to accept the offer, the lender gains access to the consumer's credit report to confirm compliance with the pre-selected criteria and verify compliance with the permitted conditions; and (4) if the conditions remain satisfied, the line of credit must be provided, or the access to the consumer's credit information would have been impermissible. *See Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509, 513–14 (D. Md. 2009). Thus, the firm offer of credit or insurance must be made, even if it may be subject certain conditions such as verification that the consumer continues to meet certain criteria. *See Cole v. U.S Capital, Inc.*, 389 F.3d 719, 722–23, 725 (7th Cir. 2004); *see also Alston v. Freedom Plus/Cross River*, No. TDC-17-0033, 2018 WL 770384, at *5 (D. Md. Feb. 7, 2018). Accordingly, it is a reasonable inference that where Capital One never provided Alston with a firm offer of credit or insurance, Capital One did not actually obtain Alston's credit report pursuant to the promotional inquiry exception.

Although it does not necessarily follow that, as Alston alleges, his credit report was obtained for purposes of research and marketing, at this stage, Alston need not identify the specific impermissible purpose for obtaining his credit report. *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 493 (9th Cir. 2019). Instead, where Alston has sufficiently alleged that Capital One did not actually obtain his credit report for the purpose of sending him a firm offer of credit or insurance, and where there is no sign that Capital One obtained his credit report for another permissible purpose, Alston has sufficiently pleaded the third element of a § 1681b(f) claim. *See id.* at 497 (declining to dismiss a § 1681b(f) claim based in part on the plaintiff's allegations that she discovered that the defendant obtained her credit report only after reviewing the credit report herself, which gave rise to "the implication [] that she never received a firm offer of credit" or insurance from the defendant).

Capital One also asserts that Alston has failed to allege sufficient facts on the element that it acted willfully or negligently. Under the relevant provision of the FCRA, a defendant can be found to have acted "willfully," 15 U.S.C. § 1681n(a), when the defendant acted with either the knowledge that its actions violated the FCRA, or with reckless disregard of its duties under the FCRA. *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56–57 (2007). An action is taken with a reckless disregard of the FCRA if "the action is not only a violation under a reasonable reading of the statute's terms, but shows that the [defendant] ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Courts applying this standard at the motion-to-dismiss stage have found willful violations of the FCRA where a plaintiff alleged that a defendant repeatedly requested credit reports for a purpose not permitted by the FCRA. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1213 (11th Cir. 2019) (finding that a plaintiff adequately pleaded a willful violation of § 1681b(f)

where he alleged that the defendant "obtained [his credit] report many times for use in litigation even though the statute, which sets out an exhaustive list of permissible purposes, nowhere authorizes the use of credit reports in litigation"); *Singleton v. Domino's Pizza, LLC*, No. DKC-11-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012) (stating that "courts have found assertions that a defendant repeatedly violated the FCRA sufficient to allege reckless—and, therefore, willful—misconduct").

Similarly, Alston has sufficiently pleaded that Capital One acted willfully or negligently through his assertions that it has violated the FCRA multiple times. Specifically, Alston has alleged that (1) Capital One has a "company policy" of obtaining consumer reports "under the guise of a promotional inquiry when the true purpose" for obtaining the reports is to use them "for research and/or target marketing purposes," Compl. ¶ 20, and (2) Capital One has obtained other consumers' reports pursuant to this policy. Where the use of credit reports for research or target marketing purposes is not one of the circumstances under which a consumer reporting agency may provide a credit report under the FCRA, *see* 15 U.S.C. § 1681b(a)(1)–(6), these allegations give rise to the plausible inference that Capital One has violated the FCRA multiple times and thus that it acted in reckless disregard of its duties under the FCRA in obtaining Alston's credit report. *See Pinson*, 942 F.3d at 1213–14 (noting that the FCRA "plainly says a consumer reporting agency may 'furnish a [credit report] under the following circumstances and no other,'" such that "[e]ven a careless reader would understand that the statute's list of permissible purposes is exhaustive" (quoting 15 U.S.C. § 1681b(a)). Based on these same allegations, the Court finds that Alston has also properly alleged a negligent violation of § 1681b(f).

Having found that Alston has sufficiently pleaded each element of a § 1681b(f) claim, the Court will deny Capital One's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Capital One's Motion to Dismiss will be DENIED.

A separate Order shall issue.

Date: August 4, 2025



THEODORE D. CHUANG
United States District Judge